lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 04-40071-JAR |
| ) | |
| DOROTHY M. BANKS,  ) | |
| ) | |
| Defendant.  ) | |

## MEMORANDUM AND ORDER

Defendant Dorothy M. Banks pled guilty to one count of possession with intent to

distribute methamphetamine in violation of 21 U.S.C. § 841.  She was sentenced on January 18,

2005, to 45-months imprisonment.  Defendant did not file a direct appeal.  On November 17,

2005, defendant mailed a letter to the district court, asking the Court to reconsider her sentence

and grant early release in light of her successful rehabilitation efforts (Doc. 31).  In view of

defendant's *pro se* status, the Court construes her letter as a motion for reduction of sentence

under 18 U.S.C. § 3582(c).[1]  As explained below, the motion is denied.

Defendant asks the Court to modify and reduce her sentence upon consideration of her

successful post-sentence rehabilitation efforts.  Defendant represents that she has completed

extension courses from the University of Illinois in sewing and as a master gardener intern, and

---

[1]District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.  *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

she has successfully completed programs at the prison for violence awareness, drug abuse education, Spanish, and parent support.  Defendant asks the Court to reconsider her sentence and grant an earlier supervised release so that she may work with her husband.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2]  As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.  Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[3]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[4]  None of the avenues set forth above apply to this case.  Although the Court commends defendant for her rehabilitative efforts and accomplishments since her conviction, it does not find that it has the power to reduce her sentence.  Defendant's motion must be denied.

---

[2]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[3]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[4]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

IT IS THEREFORE ORDERED that defendant's motion for reduction of sentence (Doc. 31) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of December 2005.

                                        S/ Julie A. Robinson
                                        Julie A. Robinson
                                        United States District Judge

*United States v. Dorothy M. Banks*, 04-40071-JAR, Memorandum and Order.